## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 13-04126 |
| GEORGE BIALECKI, JR., | ) | Hon. Carol A. Doyle |
| | ) | Hearing Date: May 7, 2014 |
| Debtor. | ) | Hearing Time: 10:00 a.m. |

### NOTICE OF APPLICATION

PLEASE TAKE NOTICE that on May 7, 2014 at 10:00 a.m., the undersigned shall appear before the **Honorable Carol A. Doyle**, Bankruptcy Judge, in Courtroom No. 742, 219 South Dearborn Street, Chicago, Illinois, and then and there present the **FIRST AND FINAL APPLICATION OF SHAW FISHMAN GLANTZ & TOWBIN LLC, AS COUNSEL FOR THE DEBTOR, FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AND FOR RELATED RELIEF,** at which time you may appear if you deem fit.

**AT WHICH TIME AND PLACE** you may appear if you so see fit.

> Ira Bodenstein (#3126857)
> Gordon E. Gouveia (#6282986)
> Shaw Fishman Glantz & Towbin LLC
> 321 North Clark Street, Suite 800
> Chicago, Illinois 60654
> (312) 541-0151  telephone
> (312) 980-3888  facsimile

### CERTIFICATE OF SERVICE

Gordon E. Gouveia, an attorney, certifies that he caused to be served a true copy of the above and foregoing notice and attached motion upon the Debtor via US Mail and E-mail and upon the attached Service List by the Bankruptcy Court's ECF notification system, as indicated, on May 1, 2014.

> */s/ Gordon E. Gouveia*

{10508-001 MSC A0373457.DOCX}

## SERVICE LIST

**Debtor via US Mail and Email**

George Bialecki Jr.
Box 1126
Warrenville, IL 60555-1126

George Bialecki Jr.
28 West 771 Morris Court
Warrenville, IL 60555

gbialeckijr@yahoo.com

**Mailing Information for Case 13-04126**

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Ira Bodenstein ibodenstein@shawfishman.com, cowens@shawfishman.com
- Gordon E. Gouveia ggouveia@shawfishman.com, mwestbrook@shawfishman.com, kjanecki@shawfishman.com
- B Lane Hasler lanehasler@blhpc.com
- Patrick S Layng USTPRegion11.ES.ECF@usdoj.gov
- Dipali R Patel dipali@wheelerandpatel.com, dipali.wp@gmail.com
- Mark Steven Wheeler mark@wheelerandpatel.com, dipali@wheelerandpatel.com

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                              )    Chapter 11
                                    )    Case No. 13-04126
GEORGE BIALECKI, JR.,               )    Hon. Carol A. Doyle
                                    )    Hearing Date:   May 7, 2014
                Debtor.             )    Hearing Time:   10:00 a.m.

## COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION

Name of Applicant:                              Shaw Fishman Glantz &
                                                    Towbin LLC

Authorized to Provide Professional Services to:  Debtor

Date of Order Authorizing Employment:           April 10, 2013, effective
                                                March 8, 2013

Period for Which Compensation is sought:        March 8, 2013 to April 29, 2014

Amount of Fees sought:                          $42,746.50

Amount of Expense Reimbursement sought:         $1,971.33

This is an:    Interim Application _____        Final Application   X

This is the first application filed herein by this professional.

Dated: May 1, 2014                      Applicant:  Shaw Fishman Glantz &
                                                        Towbin LLC

                                                    George Bialecki Jr.

                                        By:  /s/ Gordon E. Gouveia
                                                    One of his attorneys

Ira Bodenstein (#3126857)
Gordon E. Gouveia (#6282986)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60654
(312) 541-0151 telephone
(312) 980-3888 facsimile

{10508-001 MSC A0373457.DOCX}                1

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 13-04126 |
| GEORGE BIALECKI, JR., | ) | Hon. Carol A. Doyle |
| | ) | Hearing Date: May 7, 2014 |
| Debtor. | ) | Hearing Time: 10:00 a.m. |

**FIRST AND FINAL APPLICATION OF SHAW FISHMAN GLANTZ & TOWBIN LLC, AS COUNSEL FOR THE DEBTOR, FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AND FOR RELATED RELIEF**

Shaw Fishman Glantz & Towbin LLC ("Shaw Fishman") applies to this court (the "Application"), pursuant to 11 U.S.C. §§ 330 and 331 and Federal Rules of Bankruptcy Procedure 2002(a)(6), 2016(a) and 9007, for the allowance of $42,746.50 in compensation for 111.80 hours of professional Services (the "Services") rendered on behalf of George Bialecki Jr. (the "Debtor"), and for the reimbursement of $1,971.33 for expenses (the "Expenses") incurred incidental to the Services during the period of March 8, 2013 through April 29, 2014 (the "Application Period"). In support of this Application, Shaw Fishman respectfully states as follows:

## BACKGROUND

1. On February 2, 2013, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing bankruptcy case no. 13-04126 (the "Case").

2. The Debtor is an individual currently residing at 28 West 771 Morris Court, Warrenville, Illinois 60555.

{10508-001 MSC A0373457.DOCX}

3.  The Debtor's Case was commenced as a result of litigation with certain creditors. No trustee or examiner has been appointed. Since the Petition Date, the Debtor has continued to administer his estate as debtor-in-possession.

4.  On October 7, 2013, the Debtor filed his proposed Plan of Reorganization [Docket No. 87] (the "Plan") and Disclosure Statement [Docket No. 88] (the "Disclosure Statement").

5.  The Plan proposed to pay creditors with funds received from sale of two of the Debtor's vehicles as well as an anticipated distribution from an indemnification escrow fund related to the Debtor's membership interests in Moline Senior Development, LLC and Autumn Trails Senior Development.

6.  On November 13, 2013, MidWestOne Bank ("MidWestOne"), a creditor of the Debtor under certain personal guaranties, filed an objection to the Debtor's Disclosure Statement [Docket No. 94] on the basis that the Debtor inadequately described his business interests.

7.  On November 20, 2013, this court entered an order requiring the Debtor to file an amended Disclosure Statement and response to MidWestOne's objection on or before December 4, 2013 (the "Disclosure Statement Amendment Deadline") [Docket No. 98].

8.  The Disclosure Statement Amendment Deadline has been extended on several occasions, and pursuant to this court's February 19, 2014 order, the Debtor was required to file an amended Disclosure Statement on or before March 7, 2014 [Docket No. 112].

9. On March 19, 2014, the United States Trustee for the Northern District of Illinois (the "UST") filed a motion to dismiss or convert the Case, which motion was served on the Debtor by the Clerk of the Court and is scheduled for hearing on May 7, 2014 [Docket No. 115] (the "Motion to Dismiss or Convert"). The Motion to Dismiss or Convert was based upon the Debtor's failure to file an amended Disclosure Statement.

10. On March 22, 2014, undersigned counsel e-mailed a copy of the UST's Motion to Dismiss or Convert the Case to the Debtor. Since that time, the Debtor has ceased communicating with his attorneys at Shaw Fishman and Wheeler & Patel LLP, who have attempted to contact the Debtor numerous times via telephone and email.

11. As a result of the Debtor's failure to communicate with counsel, and his inattention to the Case, on April 29, 2014, Shaw Fishman filed a motion to withdraw as co-counsel for the Debtor. [Docket No. 117].

## RETENTION OF SHAW FISHMAN

12. On April 2, 2013, the Debtor applied to the court for an order approving the retention of Shaw Fishman as his attorneys in connection with the Case and the compensation arrangement related thereto [Docket No. 45] (the "Retention Application").

13. On April 10, 2012, this Court entered an order approving the Retention Application and authorizing the Debtor to employ Shaw Fishman as his attorneys in connection with the Case effective as of March 8, 2013 [Docket No. 48] (the "Retention Order").

## THE SERVICES RENDERED BY SHAW FISHMAN

14. From and after the inception of Shaw Fishman's representation of the Debtor up to and including the present time, Shaw Fishman has served as legal counsel to the Debtor with respect to all bankruptcy matters that have arisen in or with respect to the

Case. In connection therewith, Shaw Fishman has provided substantial bankruptcy legal Services to the Debtor, including analysis of the Debtor's assets and liabilities, advising the Debtor with respect to its rights and obligations under chapter 11 of the Bankruptcy Code, and representing the Debtor in proposing its Plan.

15. Attached hereto and made part hereof is Exhibit A, which are invoices for Services and expenses during the Application Period (the "Invoices").

16. All of the Services for which compensation is requested were rendered in connection with the Case and related matters. All of the time described in the annexed Exhibit A represents the actual amount of time spent or, in certain instances, less than the actual amount of time spent by attorneys of Shaw Fishman who rendered the described Services. In certain instances, the time reflected in the exhibits has been reduced in an effort by Shaw Fishman to eliminate excessive, duplicative or, in hindsight, unnecessary or unproductive Services.

17. The hourly rates charged by the bankruptcy professionals of Shaw Fishman who worked on the Case and whose time is a part of the Services are as follows:

| Members | Rate |
|---|---|
| Ira Bodenstein | $495.00 |
| Gordon E. Gouveia | $370.00 |
| **Paralegals/Staff** | **Rate** |
| Melissa W. Westbrook | $200.00 |

These rates are based on the experience and expertise of the respective personnel.

18. The Services have required a total of 111.80 hours on the part of Shaw Fishman as more fully set forth in the Invoices. *See* Exhibit "A." Based upon the customary and reasonable rates charged by Shaw Fishman for Services in cases under the Bankruptcy Code and for Services other than Services rendered in cases under the Bankruptcy Code,

{10508-001 MSC A0373457.DOCX}

the fair and reasonable value of the Services is not less than $42,746.50 (the "Compensation Request"). All of the Services for which compensation is requested were Services which, in Shaw Fishman's billing judgment, were necessarily rendered after due consideration of the expected cost and anticipated benefit of such Services.

19. In an effort to provide the court and parties in interest with understandable information concerning the amount and nature of Shaw Fishman's Services during the Application Period, and in compliance with Local Bankruptcy Rule 5082-1, Shaw Fishman has classified its Services into separate categories of Services as follows:

| Description | Total Hours | Total Fees Incurred |
| --- | --- | --- |
| Business Issues | 9.60 | $3,552.00 |
| Case Administration | 22.70 | $9,126.50 |
| Creditors and Claims | 19.70 | $7,228.00 |
| Disclosure Statement | 24.20 | $9,143.00 |
| General Investigation | 4.80 | $1,776.00 |
| Plan of Reorganization | 24.10 | $9,442.00 |
| Statements and Schedules | 1.90 | $703.00 |
| Tax Issues | 4.80 | $1,776.00 |
| **Totals** | **111.80** | **$42,746.50** |

20. The following is a separate description of each of the Shaw Fishman categories, which generally describe the tasks performed.[1] The Invoices provide detailed descriptions of all Services rendered in each of the above categories and the timekeeper, date and amount of time expended in each category.

---

[1] The Application does not describe categories with less than $2,000 in fees. The Invoices set forth detailed information on these categories.

**Business Issues**

21.  Shaw Fishman expended 9.60 hours of professional Services having a value of $3,552.00 in connection with Services pertaining to business issues of the Debtor. Services rendered by Shaw Fishman in this category generally included, among other things: (a) corresponding with the Debtor, professionals, auctioneers, and counsel for MidWestOne regarding the sale of the Debtor's equipment; and (b) analyzing ownership and UCC filings for the sale of the Debtor's equipment.

**Case Administration**

22.  Shaw Fishman expended 22.70 hours of professional Services having a value of $9,126.50 in connection with Services pertaining to case administration. Services rendered by Shaw Fishman in this category generally included, among other things: (a) drafting, reviewing and filing monthly operating reports; (b) corresponding with the UST regarding issues relating to the Debtor's 341 meeting and the Case generally; and (c) drafting, reviewing, and editing the Rule 2015.3 Report for entities controlled by the Debtor.

**Creditors and Claims**

23.  Shaw Fishman expended 19.70 hours of professional Services having a value of $7,228.00 in connection with Services pertaining to creditors and claims. Services by Shaw Fishman in this category include, among other things: (a) analyzing claims filed by creditors in the Case; (b) reviewing and attending the hearing on MidWestOne's motion to conduct Rule 2004 examinations; (c) reviewing and analyzing MidwestOne's document production; and (d) negotiating with counsel for the Internal Revenue Service ("IRS") for a potential settlement of the IRS' claim.

### Disclosure Statement

24.    Shaw Fishman expended 24.20 hours of professional Services having a value of $9,143.00 in connection with Services pertaining to the Disclosure Statement. Services by Shaw Fishman in this category include, among other things: (a) drafting, and editing the Disclosure Statement; (b) reviewing and analyzing MidWestOne's objection to the Disclosure Statement; (c) preparing for and attending hearing on adequacy of the Disclosure Statement; and (d) working with the Debtor on compiling information to amend the Disclosure Statement.

### General Investigation

25.    Shaw Fishman expended 5.70 hours of professional Services having a value of $2,491.50 in connection with Services pertaining to general investigation    Services by Shaw Fishman in this category include, among other things: (a) reviewing the status of investigations; and (b) analyzing escrow agreements and reviewing an asset purchase agreement related to an indemnification of escrow funds.

### Plan of Reorganization

26.    Shaw Fishman expended 24.10 hours of professional Services having a value of $9,442.00 in connection with Services pertaining to the Plan.   Services by Shaw Fishman in this category include, among other things: (a) drafting and presenting motions to extend exclusivity; (b) drafting and editing the Plan; (c) analyzing the potential treatment of the IRS claim under the Plan; and (d) formulating potential amendments to the Plan to address issues raised by MidWestOne.

## Summary of Services Rendered By Professional

27. In summary, the total compensation sought for each professional with respect to the aforementioned categories is as follows:

| Professional | Position | Hourly Rate | Hours | Total Amount |
|---|---|---|---|---|
| Ira Bodenstein | Member | $495.00 | 16.30 | $8,068.50 |
| Gordon E. Gouveia | Member | $370.00 | 93.40 | $34,558.00 |
| Melissa A. Westbrook | Paralegal | $200.00 | 0.60 | $120.00 |

28. The hourly rates charged by Shaw Fishman compare favorably with the rates charged by other Chicago metropolitan firms having attorneys and paralegals with similar experience and expertise as the Shaw Fishman professionals providing Services to the Debtor in connection with the Case. Further, the amount of time spent by Shaw Fishman with respect to the Case is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, the amounts at stake, and the sophistication and experience of opposing counsel.

29. Many of the issues presented by the Case have been legally and factually complex and the amounts at stake significant. The results of Shaw Fishman's efforts in this regard have inured to the benefit the estate and to the interests of its prepetition creditors. Given the criteria set forth in § 330, namely (a) the nature, extent and value of the Services; (b) the time spent; (c) the rates charged for such Services; (d) the performance of the Services within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; and (e) the reasonableness of the Services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, Shaw Fishman respectfully submits that the

{10508-001 MSC A0373457.DOCX}

requested compensation represents a fair and reasonable amount that should be allowed in full.

30. Shaw Fishman has not previously sought compensation as this is the first such application. Shaw Fishman submits that the Compensation Request is reasonable and requests the entry of an order authorizing compensation for the Services as set forth herein.

## EXPENSES

31. The actual and necessary costs expended by Shaw Fishman during the Application Period are detailed in the Invoices that are attached as Exhibit "A." The requested reimbursement amount for expenses incurred is $1,971.33. All of the expenses for which reimbursement is sought are expenses that Shaw Fishman customarily recoups from all of its clients.

The specific expenses incurred during the Application Period for which reimbursement is requested are as follows:

| Category | Amount |
| --- | --- |
| Photocopy | $265.90 |
| Federal Express/Shipping | $36.78 |
| Copying Services | $367.55 |
| Pacer Research | $29.70 |
| Parking/Taxi | $14.00 |
| Postage | $12.19 |
| Messenger | $32.71 |
| Miscellaneous | $1,212.50 |
| **TOTAL:** | **$1,971.33** |

Photocopy: Photocopy charges include internal and outsourced copies. Generally, Shaw Fishman makes all copies internally. All internal copies are billed at a rate of $0.10

{10508-001 MSC A0373457.DOCX}

per page. Where a large copy job may be more efficiently conducted by an outside copying service, Shaw Fishman charges the actual costs for expenses incurred. Outsourced copying Services may include binding or color copying.

Postage. Shaw Fishman seeks reimbursement only for the actual out-of-pocket charges incurred by it for postage. Postage charges are recorded on a manual log at the time a mailing is done. The amount recorded reflects the total from the postage meter. This category includes out-of-pocket expenses incurred for federal express, shipping and messenger charges.

PACER. Shaw Fishman uses PACER to monitor docket activity and obtain documents filed with the Court without the necessity of a trip to the courthouse. Shaw Fishman makes no profit on PACER charges but merely passes through its research expenses to the Debtor.

## PAYMENTS RECEIVED BY SHAW FISHMAN TO DATE

This is Shaw Fishman's first and final application for compensation and reimbursement of expenses. Before the Petition Date, the Debtor paid Shaw Fishman a retainer in the amount of $10,000 (the "Retainer"). Shaw Fishman seeks authorization for the application of the Retainer toward the Compensation Request and the Expenses.

## COMPLIANCE WITH 11 U.S.C. § 504

Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Shaw Fishman and any other firm, person or entity for the sharing of division of any compensation paid or payable to Shaw Fishman.

## NOTICE

A copy of this Application has been served upon the United States Trustee and the parties on ECF service list. Shaw Fishman requests that this Court find the notice provided for herein sufficient and waive and dispense with any further notice requirements.

WHEREFORE, Shaw Fishman requests the entry of an order, substantially in the form attached hereto, that:

(a) Allows Shaw Fishman $42,746.50 in final compensation for the Application Period;

(b) Allows Shaw Fishman $1,971.33 in final expense reimbursement for the Application Period;

(c) Authorizes Shaw Fishman to apply the Retainer to the Compensation Request and Expenses and authorizes the Debtor to pay Shaw Fishman the balance of the Compensation Request and Expenses.

(d) Waives other and further notice of the hearing with respect to this Application; and

(e) Provides Shaw Fishman with such additional relief as may be appropriate and just under the circumstances.

Respectfully submitted,

George Bialecki Jr.

Dated: May 1, 2014

By: /s Gordon E. Gouveia
One of its attorneys

Ira Bodenstein (#3126857)
Gordon E. Gouveia (#6282986)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60654
(312) 541-0151  telephone
(312) 980-3888  facsimile

{10508-001 MSC A0373457.DOCX}